# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| **WALTER T. BOWEN, JR.** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:23-cv-01179** |
| | ) | |
| **RCADC** *et al.* | ) | |

**TO:  Honorable Aleta A. Trauger, United States District Judge**

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered July 30, 2024 (Docket Entry No. 10), this *pro se* and *in forma pauperis* prisoner civil rights case was referred to the Magistrate Judge for pretrial proceedings.

Pending before the Court is the motion for summary judgment (Docket Entry No. 34) of Defendant Gary Patton.   The motion is opposed by Plaintiff.   For the reasons set out below, the undersigned respectfully recommends that the motion for summary judgment be granted.   The undersigned further recommends that the other Defendant in the case, who remains unidentified and unserved, be dismissed and that this case be dismissed in its entirety.

## I.   BACKGROUND

Walter T. Bowen, Jr., ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Bledsoe Creek Correctional Complex ("BCCX") in Pikeville, Tennessee.   On November 19, 2023, he filed a *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983, seeking damages based on allegations that his constitutional rights were violated during his confinement at the Rutherford County Adult Detention Cener ("RCADC") in Murfreesboro, Tennessee, where he was confined prior to his transfer to the BCCX.   *See*

Complaint (Docket Entry No. 1). Plaintiff subsequently filed a supplement to his complaint that expounds upon the allegations of his complaint. *See* Docket Entry No. 4.

Plaintiff suffers from COPD (chronic obstructive pulmonary disease) and emphysema, conditions which make it difficult for him to breath properly. While he was at the RCADC, he received treatment for these conditions by medical care providers employed by Rudd Medical. His care included using a wheelchair, breathing treatments, steroids, the use of an inhaler, and the use of supplemental oxygen as needed. Plaintiff alleges that because he was denied more expensive treatments, he suffered sporadic flare-ups that required treatment as medical emergencies. On two occasions when Plaintiff was transported from the RCADC to Bledsoe County - on August 11, 2023, when he was transported to state court for a sentencing hearing and on October 3, 2023, when he was transferred to the BCCX - he was not transported with either a wheelchair or an oxygen tank. He identifies transportation officer Gary Patton ("Patton") as being responsible and further alleges that an unidentified nurse on duty on October 3rd stated that he did not need to bring an oxygen tank. Plaintiff alleges that he suffered through his sentencing hearing in August without the supplemental oxygen and that he had "the worst flare up of [his] life" 15 minutes after arriving at the BCCX in October. *See* Docket Entry No. 4 at 2. Plaintiff alleges that Patton spoke callously to him during the October transport and that he was ultimately taken to the infirmary at the BCCX, where he remained for some period of time.

Upon initial review of the lawsuit under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff alleged a non-frivolous constitutional claim against Patton and the unnamed nurse based on his allegations that he was denied supplemental oxygen and a wheelchair during his two transports. *See* Docket Entry No. 10 at 5-6. The Court dismissed the RCADC and Rudd Medical as defendants in the case. *Id*. at 4-5.

After Defendant Patton was served with process and filed an answer, a scheduling order was entered that provided for a period of pretrial activity in the case including a period for discovery. The unnamed nurse has not been identified by Plaintiff and process has not been attempted on this individual. All deadlines in the scheduling order have now expired. Although a jury trial is demanded, a trial has not yet been scheduled pending resolution of the motion for summary judgment.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendant Patton seeks summary judgment in his favor under Rule 56 of the Federal Rules of Civil Procedure. In support of his motion, Defendant Patton submits: (1) a supporting memorandum (Docket Entry No. 35); (2) a statement of undisputed material facts ("SUMF") (Docket Entry No. 36); (3) Plaintiff's deposition transcript (Docket Entry No. 35-1); and, (4) his own declaration (Docket Entry No. 35-2).

Defendant Patton acknowledges that Plaintiff suffers from the medical conditions at issue and that Plaintiff was not transported with a wheelchair or oxygen on the two occasion at issue, but he contends that there is no evidence supporting a claim that he violated Plaintiff's constitutional rights. Defendant Patton asserts that it is undisputed that his involvement with Plaintiff was limited to transporting him to court on August 11th and to the BCCX on October 3rd. *See* SUMF at ¶¶ 8, 13, 23, 37, and 39. Defendant Patton further asserts that it is undisputed that: (1) although Plaintiff did use a wheelchair at the RCADC, Plaintiff was able to stand and walk on limited basis and was able to step in and out of his wheelchair; (2) Plaintiff did not use supplemental oxygen 24 hours a day at the RCADC; (3) the oxygen machine that Plaintiff was provided at the RCADC was not a portable device and was used by Plaintiff only in his cell; and, (4) the medical staff did not require that Plaintiff be transported with a portable oxygen tank or

3

provide such a tank. *Id*. at ¶¶ 5-7, 11, and 29-30. Patton also asserts that it is undisputed that: (1) Plaintiff was not transported with a wheelchair on August 11th because a wheelchair was available for his use at the courthouse; and, (2) he was not transported with a wheelchair on October 3rd because Plaintiff was being permanently transferred to BCCX and medical equipment belonging to the RCADC, such as the wheelchair, was required to remain at the RCADC with any replacement equipment to be provided by staff at the BCCX. *Id*. at ¶¶ 17-18 and 33. Patton asserts that it is further undisputed that Plaintiff did not ask for medical assistance or exhibit signs of medical distress during either transport or while at the courthouse. *Id*. at ¶¶ 14-16, 21-22, 35, and 38.

Plaintiff's initial response to the motion for summary judgment consisted of only a response to Defendant Patton's SUMF, in which Plaintiff disputed only a single factual statement contained in the SUMF as follows:.

> 31. Plaintiff walked a short distance from booking to the transport cruiser and was told by Officer Patton he was not allowed to bring his wheelchair. (Bowen Dep. 68:11-18; 69:11-14; Patton Dec. ¶ 21).
>
> RESPONSE: Disputed – Officer Patton told me that I was not allowed to bring my wheelchair and made me walk to the transport cruiser.

*See* Response to SUMF (Docket Entry No. 38). After Defendant Patton filed a reply, in which he argued that Plaintiff's minimal response was not sufficient to show the existence of genuine issues of material fact, *see* Reply (Docket Entry No. 39), Plaintiff filed a sur-reply that sets out arguments against the motion for summary judgment. *See* Sur-Reply (Docket Entry No. 40). Plaintiff argues that the distance that he had to walk from the booking area to the transportation vehicle on October 3rd may have been "short" in Patton's opinion but was long enough to cause Plaintiff's conditions to flare up and require him to stay in the infirmary at the BCCX. Plaintiff

4

contends that had he been permitted to only to step into the vehicle from the wheelchair on October 3rd instead of walking, he would likely not have suffered the flare-up. Plaintiff further takes issue with Defendant Patton's memory of the events and contends that Patton was more concerned about not having the transports delayed than attending to Plaintiff and that Patton "did not do a very professional job." *Id*. at 3.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party.

5

*Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (*quoting Anderson*, 477 U.S. at 252).

## IV.   ANALYSIS

A. Eighth Amendment Standards

Because the first transport at issue was to take Plaintiff to a sentencing hearing, it appears that Plaintiff was a convicted prisoner and not a pretrial detainee at the time of the events at issue and he is thus covered by the protections of the Eighth Amendment.

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Although this standard does not require evidence that a defendant acted with a purpose or intent to inflict harm, the standard is nonetheless a high standard and is not satisfied by a showing of negligence. *See Estelle*, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment); *Comstock*, 273 F.3d at 703. *See Estelle*,

6

429 U.S. at 105; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985).

B. Motion for Summary Judgment of Defendant Patton

Defendant Patton should be granted summary judgment in his favor because no reasonable trier of fact could find, based upon the evidence in the record before the Court, that he acted with deliberate indifference toward Plaintiff's serious medical needs. After a full review of the record and the arguments raised by the parties, the Court finds that any factual questions that exist do not rise to the level of genuine issues of material fact that require that this case proceed to a trial on the claim against Defendant Patton.

Relying upon his own declaration and Plaintiff's deposition testimony, Defendant Patton sets forth evidence that shows his limited involvement with Plaintiff, that explains the penological reason why Plaintiff was not transported with a wheelchair, that shows an absence of any medical orders or directives from the medical staff that required that Plaintiff be transported with an oxygen tank or a wheelchair, and that shows there was no obvious medical emergency that existed during Plaintiff's two transports. Given this evidence, Defendant Patton has satisfied his burden of showing that there is a lack of evidence of deliberate indifference on his part and that there are not genuine disputes of material fact on the claim brought against him.

In the face of this affirmative evidence from the Defendant Patton, Plaintiff must respond with affirmative evidence supporting his claim and establishing the existence of a genuine issue of material fact that requires that his claim be resolved at trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). Plaintiff has not met this burden. First,

he has not presented any actual evidence in support of his claim, such as affidavits, declarations, documentary evidence, or any evidence obtained through discovery. Nor has he specifically pointed to any evidence that is already in the record that he contends supports his constitutional claim. In fact, he raises no dispute about virtually all of the noted evidence relied on by Patton.

To rebut the motion for summary judgment and show that a trial is required, Plaintiff must show that there is evidence, which if believed, would permit a reasonable trier of fact to conclude that Defendant Patton acted with deliberate indifference to Plaintiff's serious medical needs. Allegations that Patton acted unprofessionally or that things could have been done differently are not sufficient. Deliberate indifference requires evidence that Defendant Patton acted with a reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer*, 511 U.S. at 835-36.

Plaintiff does not set forth any evidence of actions by Patton on August 11th that would support a reasonable finding of deliberate indifference. He further does not set forth any evidence showing that Patton had the authority or ability to require that Plaintiff be transported with a portable oxygen tank on either occasion. Finally, although Plaintiff disputes that the length of the distance that he was required to walk to the transportation vehicle on October 3rd was "short," as asserted by Patton, this single dispute fails to rise to the level of a genuine issue of material fact in light of the other undisputed evidence that is before the Court even if, in hindsight, it may have been better for Plaintiff to have been loaded into the transportation vehicle on October 3rd in the same manner as he was loaded on August 11th. In the end, there is simply insufficient evidence before the Court upon which any reasonable trier of fact could conclude that Defendant Patton's

8

actions were so reckless or wanton that they support a finding of constitutional liability against him.

C. Dismissal of the Unidentified Nurse

Rule 4(c)(1) of the Federal Rules of Civil Procedure states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

Plaintiff was advised in the July 30, 2024, screening order that process could not be served upon the unidentified nurse and that he must determine and provide the full name of this defendant so that process could be timely served under Federal Rule of Civil Procedure 4(m). *See* Docket Entry No. 10 at 6. Despite the passage well over a year, this Defendant has not been identified and served with process. Because the time frame permitted under Rule 4(m) for obtaining service of process has long since expired, the plain language of Rule 4(m) requires that this Defendant be dismissed.

## RECOMMENDATION

Based on the foregoing, the Court respectfully **RECOMMENDS**:

(1) the motion for summary judgment (Docket Entry No. 34) of Defendant Gary Patton be **GRANTED** and that summary judgment be granted to Defendant Patton on the merits;

(2) the unnamed Defendant nurse be **DISMISSED** pursuant to Rule 4(m); and,

9

(3) this case be **DISMISSED** in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

10